

15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888-699-5600 toll free
949-341-0777 local
949-341-2200 fax
www.rushmorelm.com

March 30, 2017

MICHAEL A. HARRIS
ELLENA J. SMITH
1411 GRANT ST
HOLLYWOOD, FL 33020

Re: Rushmore Loan Management Services LLC #7600215473
Property Address: 55-57 SE 12TH ST UNIT 57, DANIA BEACH, FL 33004

Dear MICHAEL A. HARRIS and ELLENA J. SMITH,

Enclosed are two identical original Loan Modification Agreements that we have prepared pursuant to your discussions with your loss mitigation representative from Rushmore Loan Management Services LLC. Please review the Loan Modification Agreements carefully. If the documents are consistent with the negotiations you had, please sign the documents **in black ink, in the presence of a notary** and keep one for your records and return one signed original to Rushmore Loan Management Services LLC in the envelope provided within **30** days of delivery date. _Please sign your name **exactly** as it is printed under the signature line._

**Please note that your total payment, including an escrow portion of **$567.14** will be **$1,784.77** and is due on **April 1, 2017**.

**Advice to Consult with Counsel:**
YOU ARE STRONGLY ENCOURAGED TO CONSULT WITH YOUR OWN LEGAL COUNSEL TO DETERMINE THE LEGAL EFFECT OF THE ENCLOSED AGREEMENT.

If you wish to reinstate or pay-off your loan, or have any questions regarding the Loan Modification Agreement please contact Rushmore Loan Management Services LLC directly at 1-888-504-6700.

Very truly yours,

Rushmore Loan Management Services LLC

## STATE SPECIFIC NOTICES

**The following notice applies to California residents only:**

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP (382-4357) or www.ftc.gov.

**The following notice applies to Colorado residents only:**

Please note: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/. Please be advised that you can reach the Colorado Foreclosure Hotline at 1- 877-601-HOPE (601-4673).

Local Rushmore Loan Management Services LLC Agent for Colorado Residents:

Irvin Borenstein
13111 E. Briarwood Ave. Ste #340
Centennial, CO 80112

**The following notice applies to Massachusetts residents only:**

Notice of IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the creditor.

## ADDITIONAL NOTICES

Rushmore Loan Management Services LLC is a Debt Collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. However, if you are in Bankruptcy or received a Bankruptcy Discharge of this debt, this letter is being sent for informational purposes only, is not an attempt to collect a debt and does not constitute a notice of personal liability with respect to the debt.

If your loan is in foreclosure, a dismissal fee may be required to dismiss the foreclosure action. This amount has not been included in the modification, as it has not been incurred. You will be responsible for any outstanding dismissal fee and this will appear on your monthly billing statement, after the modification has been completed.



*7 6 0 0 2 1 5 4 7 3 *
Mortgage Cadence Document Center © 10239 09/16          2 of 2

After Recording Return To:
**Rushmore Loan Management Services LLC**
**15480 Laguna Canyon Road**
**Irvine, California 92618**

**This Document Prepared By:**
**Srdjan Njego**
**Rushmore Loan Management Services LLC**
**15480 Laguna Canyon Road**
**Irvine, California 92618**

Parcel ID Number: **51-42-03-08-0040**

_____ [Space Above This Line For Recording Data] _____
Original Loan Amount: **$202,500.00**                                                                 Loan No: **7600215473**

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this **30th** day of **March, 2017**, between **MICHAEL A. HARRIS, A SINGLE MAN and ELLENA J. SMITH, A SINGLE WOMAN** ("Borrower") and **Owner, by and through Rushmore Loan Management Services LLC, as current servicer and agent, whose address is 15480 Laguna Canyon Road, Irvine, California 92618** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **February 23, 2004** and recorded in Book/Liber **36978**, Page **1971-1988**, Instrument No: **103767869**, of the Official Records of **BROWARD** County, **FL** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
**55-57 SE 12TH ST UNIT 57, DANIA BEACH, FL 33004**,
(Property Address)
the real property described being set forth as follows:

**Lots 7 and 8, of ST. JAMES PARK DEL MAR, according to the plat thereof, as recorded in Plat Book 11, Page 26 of Public Records of Broward County, Florida**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **March 30, 2017**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$275,000.00**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.000%** from **March 01, 2017**, and Borrower promises to pay monthly payments of principal and interest in the amount of U.S. **$1,217.63** beginning on the **1st** day of **April, 2017**. If on **March 1, 2052** (the "Maturity

*7600215473*
LOAN MODIFICATION AGREEMENT—Single Family Fannie Mae Uniform Instrument - Florida                        Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center © 8833 08/14                                                                                                                         (page 1 of 5)

Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

   (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

6. Pursuant to Section 199.145(4)(b), Florida Statutes, additional nonrecurring intangible tax is due. This Mortgage is given in connection with the refinancing of an obligation secured by an existing mortgage, recorded in Official Records Book 36978, Page 1971-1988, Instrument No: 103767869, Public Records of BROWARD County, Florida from the Mortgagor hereunder to the Mortgagee hereunder, or to the assignor of the Mortgagee hereunder. As of the date of refinancing, the unpaid principal balance of the original obligation, plus accrued but unpaid interest, secured by the existing mortgage is equal to $264,335.30. The principal balance of the new obligation secured by this Mortgage is $275,000.00, which amount represents, as of the refinancing, the unpaid principal balance of the original obligation, plus accrued but unpaid interest. Notwithstanding anything to the contrary contained in the foregoing, if the obligor under the new obligation is not liable to the obligee under the obligation secured by this Mortgage, then the additional nonrecurring intangible tax shall be computed on the entire principal balance of the new obligation.



LOAN MODIFICATION AGREEMENT—Single Family Fannie Mae Uniform Instrument - Florida
Mortgage Cadence Document Center © 8833 08/14

Form 3179 1/01 (rev. 4/14)
(page 3 of 5)

In Witness Whereof, the Lender and I have executed this Agreement.

_____ (Seal)
**MICHAEL A. HARRIS** -Borrower

_____ (Seal)
**ELLENA J. SMITH** -Borrower


_____-Witness    _____-Witness

_____ [Space Below This Line For Acknowledgments] _____
State of Florida

County of _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20_____,
by _____

_____,

who is personally known to me or who has produced _____ as identification.

_____
(Signature of person taking acknowledgment)

_____
(Name typed printed or stamped)

_____
(Title or Rank)

_____
(Serial Number if any)
My Commission expires : _____

Origination Company: **Rushmore Loan Management Services LLC**
NMLSR ID: **LO9784**


LOAN MODIFICATION AGREEMENT—Single Family Fannie Mae Uniform Instrument - Florida
Mortgage Cadence Document Center © 8833 08/14

Form 3179 1/01 (rev. 4/14)
(page 4 of 5)

**Rushmore Loan Management Services LLC**

By: _____(Seal) - Lender
Name: _____
Title: _____

_____
Date of Lender's Signature
_____ [Space Below This Line For Acknowledgments] _____

State of _____
County of _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20____,

by _____, the _____ of

_____,

who is personally known to me or who has produced _____ as identification.

_____
(Signature of person taking acknowledgement)

_____
(Name typed printed or stamped)

_____
(Title or Rank)

_____
(Serial Number if any)

My Commission expires : _____

LOAN MODIFICATION AGREEMENT—Single Family Fannie Mae Uniform Instrument - Florida
Mortgage Cadence Document Center © 8833 08/14

Form 3179 1/01 (rev. 4/14)
(page 5 of 5)

# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: **7600215473**

FHA/VA Case Number:

Borrower(s):    **MICHAEL A. HARRIS and ELLENA J. SMITH**

Property Address:    **55-57 SE 12TH ST UNIT 57, DANIA BEACH, FL 33004**

Servicer:    **Rushmore Loan Management Services LLC**

The undersigned Borrower(s) for and in consideration of the above-referenced Servicer modifying the terms of your mortgage loan, agrees that if requested by your Servicer, to fully cooperate and adjust for clerical errors, any or all loan modification documentation deemed necessary or desirable in the reasonable discretion of Servicer to enable Servicer to sell, convey, seek guaranty or market said loan to any entity, including but not limited to an investor, Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association, Department of Housing and Urban Development, or the Department of Veterans Affairs, or any Municipal Bonding Authority.

I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

The undersigned Borrower(s) agree(s) to comply with all above noted requests by the above-referenced Servicer within 15 days from date of mailing of said requests. Borrower(s) agree(s) to assume all costs including, by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to comply with correction requests in the above noted time period.

The undersigned Borrower(s) do hereby so agree and covenant in order to assure that this loan modification documentation executed this date will conform and be acceptable in the marketplace in the instance of transfer, sale or conveyance by Servicer of its interest in and to said loan modification documentation, and to assure marketable title in the said Borrower(s).

DATED this **30th** day of **March, 2017.**

_____ (Seal)
**MICHAEL A. HARRIS**  -Borrower

_____ (Seal)
**ELLENA J. SMITH**  -Borrower


Mortgage Cadence Document Center © 9572 08/13


Errors and Omissions/Compliance Agreement

Loan No: **7600215473**

# BALLOON ADDENDUM TO LOAN MODIFICATION AGREEMENT

**MICHAEL A. HARRIS and ELLENA J. SMITH**
**55-57 SE 12TH ST UNIT 57**
**DANIA BEACH, FL 33004**

THIS BALLOON ADDENDUM TO LOAN MODIFICATION AGREEMENT (the "Balloon Addendum") is made this **30th** day of **March, 2017**, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement (the "Modification Agreement" together, the "Agreements") entered into by the undersigned ("Borrower"), in favor of Owner, by and through **Rushmore Loan Management Services LLC**, as current servicer and agent for owner ("Lender"). The Agreements amend and supplement (1) the Mortgage, Deed of Trust or Security Deed and any applicable Riders (the "Security Agreement"), and (2) the Note bearing the same date as, and secured by, the Security Agreement.

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Modification Agreement, Borrower and Lender further covenant and agree as follows:

1. In an effort to assist the borrower in meeting their monthly obligations and upon execution of the Agreements, Lender agrees to immediately forgive an amount equal to **$63,800.35** (the "Forgiven Amount").

2. In addition, Lender will agree to defer payment in the amount of **$0.00** (the "Balloon Amount"), which will be due and payable on the earliest of (a) the date the borrower sells or transfers an interest in the property, (b) the date the borrower pays the entire Interest Bearing Principal Balance, or (c) the maturity date of **March 1, 2052**. Lender will not charge interest on this Balloon Amount.

3. The payment of Principal and Interest listed in Paragraph 2 of the Modification Agreement is the payment necessary to amortize **$275,000.00**, which is the portion of the Unpaid Principal Balance not affected by the adjustments described in Paragraphs 1 and 2 of this Balloon Addendum.

The Agreements only modify the Security Agreement and Note in regard to the provisions addressed. All other terms and conditions of the Security Agreement and Note remain in full force and effect.

BY SIGNING BELOW, Lender and Borrower accept and agree to the terms and provisions contained in this Balloon Addendum.

_____(Seal)
**MICHAEL A. HARRIS** -Borrower

_____(Seal)
**ELLENA J. SMITH**-Borrower


**Rushmore Loan Management Services LLC**

By:_____(Seal) - Lender
Name:
Title:

_____
Date of Lender's Signature